JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-9760-PA (PDx) | Date | November 12, 2025 |
|---|---|---|---|
| Title | Marco Antonio Barragan Orozco v. Ford Motor Company, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

    Plaintiff Marco Antonio Barragan Orozco ("Plaintiff") initiated this action in the Los Angeles County Superior Court on March 20, 2025. Defendant Ford Motor Company ("Defendant") removed the action to this Court on October 10, 2025. In its Notice of Removal ("NOR"), Defendant alleges that, in light of Plaintiff's voluntary dismissal of defendant Ford of Montebello from this action, this Court now possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. On November 5, 2025, the Court held a Zoom hearing with counsel for the parties to determine whether diversity jurisdiction over this action exists. At the status conference, the Court found that the Notice of Removal did not allege sufficient facts to overcome the strict presumption against removal jurisdiction and was therefore insufficient to invoke this Court's diversity jurisdiction. However, during the status conference, Defendant proffered additional argument concerning the Court's exercise of subject matter jurisdiction and requested an opportunity to submit supplemental briefing on this issue. The Court granted Defendant leave to file a supplemental brief by no later than 3 p.m. on November 10, 2025. (Docket No. 14.) However, Defendant failed to file a supplemental brief by this deadline or to seek an extension of time to do so. For the reasons stated below, the Court concludes that Defendant has failed to sufficiently demonstrate that this Court has subject matter jurisdiction over this action.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-9760-PA (PDx) | Date | November 12, 2025 |
|---|---|---|---|
| Title | Marco Antonio Barragan Orozco v. Ford Motor Company, et al. | | |

Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

     In attempting to invoke this Court's diversity jurisdiction, Defendant must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332; see also Academy of Country Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021).  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the place they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).  The citizenship of an LLC is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

     In the Notice of Removal, Defendant alleges that Plaintiff is a resident of Los Angeles County, California, citing the Complaint.  (NOR ¶ 24 (citing Compl. ¶ 2).)  Instead of proffering evidence of Plaintiff's domiciliary intent, Defendant asserts that Plaintiff should be presumed to be a citizen of California based on the allegation of residence.  Specifically, Defendant argues that "for purposes of removal based on diversity of citizenship, a plaintiff's state of residence is presumptively considered to be their state of citizenship" citing Bradley Min. Co. v. Boice, 194 F.2d 80, 84 (9th Cir. 1951); and Adams v. West Marine Prods., 958 F.3d 1216, 1221 (9th Cir. 2020).  (Id. ¶ 23.)

     Defendant's reliance on these cases, however, is misplaced.  First, Bradley appears to have been originally filed in federal court, where the burden is on the plaintiff to plead and prove the parties' citizenship.  See, e.g., Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).  In cases originally filed in federal court, once the plaintiff produces evidence supporting a presumption as to domicile, the burden shifts to the other party to offer contrary evidence.  See Lew v. Moss, 797 F.2d 747, 751 (9th Cir. 1986).  In removal cases, by contrast, the "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus, 980 F.2d at 566 (citing Nishimoto v. Federman–Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir.1990); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988)); see also California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir.), opinion amended on denial of reh'g , 387 F.3d 966 (9th Cir. 2004).  Second, Defendant's

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-9760-PA (PDx) | Date | November 12, 2025 |
|---|---|---|---|
| Title | Marco Antonio Barragan Orozco v. Ford Motor Company, et al. | | |

reliance on Adams is misplaced because Adams was removed under the Class Action Fairness Act, where, unlike in removal cases, there is no antiremoval presumption. See, e.g., Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986); Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014).

  Here, Defendant has proffered only evidence of Plaintiff's residence and no evidence of Plaintiff's intent. Under longstanding Ninth Circuit precedent, it is clear that residence is physical, whereas domicile is generally a combination of physical presence plus an intention to make a certain definite place one's permanent abode. See, e.g., Weible v. United States, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile."). Because an individual is not necessarily domiciled where he or she resides, Defendant's allegations of Plaintiff's residence are insufficient to plausibly allege Plaintiff's citizenship. See Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.). Accordingly, Defendant's allegations related to Plaintiff's residence are insufficient to overcome the strict presumption against removal jurisdiction and insufficient to invoke this Court's diversity jurisdiction.

  At the status conference, the Court waived Local Rule 6-1 barring oral motions, and Plaintiff's counsel moved to remand the action to the Los Angeles County Superior Court based on Defendant's failure to adequately allege a basis for the Court's subject matter jurisdiction in the Notice of Removal. As explained above, Defendant's counsel was given an opportunity to file a supplemental brief concerning the propriety of removal but failed to do so. The Court therefore grants Plaintiff's Motion to Remand. Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case No. 25PSCV01000 for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.